JOHN C. COURTNEY, ESQ.
Nevada Bar No. 11092
SEBASTIAN F. GAJARDO, ESQ.
Nevada Bar No. 14874
**LBC LAW GROUP**
3215 W. Charleston Blvd., Ste. 120
Las Vegas, Nevada 89102
Ph.: (702) 608-3030
Fax: (702) 463-4443
info@lbclawgroup.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MAURICE SULLIVAN an individual, | Case No.: 2:19-cv-01378-RFB-BNW |
| Plaintiff, | |
| v. | |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY d/b/a GEICO ADVANTAGE INSURANCE COMPANY d/b/a GEICO CASUALTY COMPANY, a foreign corporation; DOES I-X, and ROES XI-XX, | |
| Defendants. | |

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO SEVER/BIFURCATE AND TO STAY CLAIMS FOR BAD FAITH, AND COUNTERMOTION FOR LEAVE TO AMEND COMPLAINT**

COMES NOW, Defendant, MAURICE SULLIVAN, by and through his counsel of record, LBC Law Group, and hereby files his Opposition to Motion to Dismiss, or, in the alternative, to Sever/ Bifurcate and to Stay Claims for Bad Faith ("**Opposition**") and Countermotion for Leave to Amend Complaint (**"Countermotion"**). This Opposition and Countermotion is made and based on the following Memorandum of Points and Authorities, all pleadings and papers on file herein, and any oral argument that this Court may allow.

. . .

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     STATEMENT OF FACTS.**

The instant action was initiated on June 25, 2019 in the Eighth Judicial District Court of Nevada ("EJDC"). Along with a claim for Breach of Contract, Plaintiff's Complaint alleges Contractual Breach of the Covenant of Good Faith and Fair Dealing; Tortious Breach of the Covenant of Good Faith and Fair Dealing; and Violation of the Unfair Insurance Practices Act. (collectively, the "extra-contractual claims"). (Doc. 1-1, para. 29-50)

Plaintiff's complaint was drafted with the pleading standard of the EJDC in mind. On August 12, 2019, Defendant removed the case to federal court on diversity of citizenship grounds (Document 1). Defendant filed the instant motion on August 19, 2019.

Plaintiff now requests that he be given leave to amend his complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure which provides that leave to amend should be freely granted "when justice so requires."

**II.     STATEMENT OF LAW AND LEGAL ARGUMENT.**

All well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008); *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Unlike the federal *Twombly-Iqbal* standard, Nevada state courts operate under a "notice pleading" standard. In other words, Nevada's state pleading standard requires plaintiffs to "set forth the facts which support a legal theory but does not requires the legal theory relied upon to be correctly identified." *Swartz v. Adams*, 93 Nev. 240, 245, 563 P.2d 74, 77 (1977). Nevertheless, "[i]t is well-settled that the Federal Rules of Civil Procedure apply in federal court, irrespective of the source of the subject matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal."

*See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (internal quotation marks omitted)). Generally, upon removal, Courts will allow a plaintiff leave to amend his complaint to satisfy federal pleading standards. *See Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1021 (9th Cir. 2013).

Plaintiff acquiesces that the extra-contractual claims were not pleaded with the specificity required by *Twombly* and *Iqbal*. Plaintiff therefore does not oppose the dismissal of said claims. Plaintiff asks only that the claims be dismissed without prejudice, as neither party has conducted discovery at this early stage of the litigation. And, as will be more fully elaborated in Plaintiff's Countermotion, *infra*, Plaintiff further requests that the Court grant leave to amend the complaint to conform with the federal pleading standard.

Plaintiff's proposed amended Complaint contains only the claim for contract breach. *See* Proposed First Amended Complaint, attached hereto as Exhibit 1. Accordingly, Plaintiff opposes as moot the alternative relief sought by Defendant – namely, the bifurcation or staying of the extra-contractual claims pending the resolution of Plaintiff's contractual claim.

### III. CONCLUSION.

For the above-stated reasons, Plaintiff respectfully requests that, to the extent the Court sees fit to dismiss the Second, Third, and Fourth Causes of Action in Plaintiff's complaint, it do so without prejudice so that Plaintiff may amend his complaint later if the need arises.

## COUNTERMOTION FOR LEAVE TO AMEND COMPLAINT

### I. STATEMENT OF FACTS.

The facts stated in the Opposition to the instant Motion, *supra*, are hereby restated and incorporated herein.

### II. STATEMENT OF LAW AND LEGAL ARGUMENT.

Plaintiff requests that he be given leave to amend his complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure which provides that leave to amend should be freely granted "when justice so requires." Such leave should be granted unless the district court "determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). This approach is required by Federal Rule of Civil Procedure 15(a), which provides that

1  leave to amend should be freely granted "when justice so requires." *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (Rule 15(a)'s mandate "is to be heeded").

Several factors guide the court's discretion in determining whether to grant leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the plaintiff has previously amended the complaint. *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (internal quotation marks and citation omitted). Generally, upon removal, Courts will allow a plaintiff leave to amend his complaint to satisfy federal pleading standards. *See Faulkner*, 706 F.3d at 1021.

Here, Plaintiff's request for leave to amend is not brought in bad faith as Plaintiff is simply asking for leave to amend his complaint to conform with the federal pleading standard. This request is therefore not futile because granting it will allow Plaintiff's case to be heard and decided on its merits. Plaintiff has no dilatory motive in making his request to amend and granting this request will cause no prejudice to the opposing party. Lastly, Plaintiff has not previously amended his complaint or requested leave to do the same. Justice therefore requires that Plaintiff be allowed to amend his complaint to conform with *Twombly* and *Iqbal*.

To that end, Plaintiff has provided a proposed First Amended Complaint. (Exhibit 1)

### III.   CONCLUSION.

For the above-stated reasons, Plaintiff respectfully requests that Plaintiff's Countermotion be granted in its entirety.

DATED this 10th day of September, 2019.

**LBC LAW GROUP**

By:  */s/ Sebastian F. Gajardo*
JOHN C. COURTNEY, ESQ.
Nevada Bar No. 11092
SEBASTIAN F. GAJARDO, ESQ.
Nevada Bar No. 12510
3215 W. Charleston Blvd., Suite 120
Las Vegas, NV 89102
Ph: (702) 608-3030/Fax: (702) 463-4443
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of LBC Law Group, and on September 10, 2019, a true and correct copy of the foregoing PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO SEVER/BIFURCATE AND TO STAY CLAIMS FOR BAD FAITH, AND COUNTERMOTION FOR LEAVE TO AMEND COMPLAINT, was served via the Court's CM/ECF electronic filing system upon the following counsel of record:

> Wade M. Hansard, Esq.
> MCCORMICK BARSTOW LLP
> 8337 West Sunset Road, Suite 350
> Las Vegas, Nevada 89113
> hansard@mccormickbarstow.com
> *Attorneys for Defendants*

                        */s/ April Allen*
                        An Employee of LBC Law Group